UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FERNANDO JAVIER LUGO
ORTIZ,

      Petitioner,

   v.                              Case No.:  2:26-cv-01855-SPC-KRH

WARDEN, FLORIDA SOFT-SIDED
FACILITY *et al.*,

      Respondents,

                                           /

## **OPINION AND ORDER**

Before the Court are Fernando Javier Lugo Ortiz's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 10).

Lugo Ortiz is a native and citizen of Venezuela who entered the United States without inspection on June 16, 2022. On December 5, 2024, Immigration and Customs Enforcement ("ICE") commenced removal proceedings by issuing a notice to appear. On April 7, 2026, Lugo Ortiz was convicted of uttering forge checks, grand theft, organized scheme to defraud, and fraudulent use of an ID. ICE took custody of Lugo Ortiz two days later. On May 4, 2026, an immigration judge found he had no jurisdiction to grant Lugo Ortiz's request for release on bond.

Lugo Ortiz claims his detention is governed by 8 U.S.C. § 1226(a), which would entitle him to a bond hearing. *See Hernandez Alvarez v. Warden*, 175

F.4th 1258 (11th Cir. 2026).  The respondents argue Lugo Ortiz is subject to mandatory detention under 8 U.S.C. § 1226(c), which requires the Attorney General to detain some criminal noncitizens.  Specifically, the government cites § 1226(c)(1)(A) and (E).  § 1226(c)(1)(A) requires the government to detain noncitizens who commit a crime involving moral turpitude.  Uttering a forged instrument is a crime of moral turpitude.  *Walker v. U.S. Atty. Gen.*, 783 F.3d 1226, 1229 (11th Cir. 2015).  As is an organized scheme to defraud.  *See Jordan v. DeGeorge*, 341 U.S. 223, 231 (1951).  § 1226(c)(1)(E) mandates the detention of inadmissible noncitizens convicted of certain crimes, including theft.  Lugo Ortiz's convictions for uttering forged checks, organized scheme to defraud, and grand theft thus make him subject to mandatory detention under § 1226(c).

That is not the end of the inquiry.  In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court considered the constitutionality of mandatory detention under § 1226(c).  "While *Demore* upheld § 1226(c)'s provision mandating detention of criminal aliens during removal proceedings, it did so with a strong constitutional caveat about due process concerns as to continued mandatory detention where the duration of the removal proceedings is unreasonably long or delayed."  *Sopo v. U.S. Attorney Gen.*, 825 F.3d 1199 (11th Cir. 2016).  Lugo Ortiz has been in immigration detention for just over two months, and his removal proceedings appear to be moving forward on an expedited schedule.

2

Thus, the Court finds his detention does not yet raise due process concerns.  If Lugo Ortiz's detention becomes unreasonably prolonged, he may file a new habeas petition.

Accordingly, it is hereby

**ORDERED**:

Fernando Javier Lugo Ortiz's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on June 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

3